Meyer, J.
(dissenting). The majority opinion would be correct were the action against the State. It is not. The defendant is the contractor, which can exempt itself from liability for its own negligence or breach of contract only if that intention “is expressed in unmistakable language” (Gross v Sweet, 49 NY2d 102, 107). Nor is that rule of strict construction against the contractor converted into one of strict construction for the contractor, as the majority suggests, simply because gambling is involved; there is no gambling between plaintiff and the contractor, only between plaintiff and the State.
Here the contract language is far from unmistakable. The terms of sale only limit the contractor’s liability “to a refund of the amount wagered if a ticket is not accepted by the Contractor on behalf of the State” (emphasis supplied), not otherwise.* Nothing in the rules supports the majority’s equation of “accepted” with “microfilmed,” which, of course, could only take place after acceptance. Defendant can absolve itself from liability on its motion for summary judgment, therefore, only by showing that plaintiff’s ticket was not accepted by it. Its moving papers, however, do not deny acceptance of plaintiff’s ticket. They state only: “Neither could the original of that ticket [the ticket in issue] be found at GMS.”
*531 That the lottery is susceptible to player fraud is but one side of the equation; it is equally susceptible to skimming, after acceptance by the contractor, by the contractor’s employees, a possibility not foreclosed by the moving papers and to prevent which GMS owed players the duty to exercise reasonable care.
Nor bearing in mind that defendant’s motion for summary judgment cut off before completion the discovery to which plaintiff was entitled should she be put out of court because her answering papers on this motion do not present prima facie evidence of gross negligence.
It may well be that after full discovery plaintiff will not be able to sustain her action against a motion for summary judgment or on trial. But I cannot concur in a decision which speaks almost entirely to the obligations of the State, a nonparty, and ignores the limitation of the exculpatory provision which defendant contractor, as the majority notes, was itself instrumental in preparing. I, therefore, respectfully dissent and vote to reverse the order appealed from and to reinstate Special Term’s order.
Chief Judge Cooke and Judges Jasen, Wachtler and Fuchsberg concur with Judge Simons; Judge Meyer dissents and votes to reverse in a separate opinion in which Judge Jones concurs.
Order affirmed, with costs.

 Section 2817.15 (d) of the rules (21 NYCRR 2817.15 [d]), quoted in the majority’s footnote 1, is of no help to defendant, Games Management, for it is not sued for failure of a Lotto sales agent to forward plaintiff’s ticket, but for negligence on its own part.